UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>V.<br><br>PATRICK W. HOLDER<br><br>　　Defendant. | CRIMINAL NO. 5:09-CR-51-KKC-1<br><br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on the second motion for compassionate release (R. 60) filed by the defendant, Patrick W. Holder pursuant to 18 U.S.C. § 3582(c)(1)(A).

By judgment dated August 30, 2010 the Court sentenced Holder to a prison term of 300 months after he pleaded guilty to robbery, brandishing and discharging a firearm during a crime of violence, and escaping from custody. According to the Bureau of Prisons' website, Holder is scheduled for release on July 5, 2032. He is currently housed at FCI Marianna.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Under that statute, either the Director of the Bureau of Prison or the defendant may move for a reduction in a defendant's term of imprisonment. A defendant may make his own motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, the government does not dispute that Holder has met the mandatory condition. Accordingly, the Court may consider this motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." However, the Sentencing Guidelines sets forth various circumstances that are "extraordinary and compelling." U.S.S.G. 1B1.13(b). Among those circumstances are the "Medical Circumstances of the Defendant." U.S.S.G. 1B1.13(b)(1). The medical circumstances listed are a) terminal illness; b) a medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; c) a condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" and d) "an ongoing outbreak of infectious

2

disease" or "an ongoing public health emergency" when the defendant is an increased risk of suffering medical complications or death because of the disease or emergency.

Holder states he has various serious health conditions, including rheumatoid arthritis, COPD, and deteriorating eyesight.

These are the same conditions that Holder relied on to support his prior motion for compassionate release. As with his prior motion, however, Holder points to no evidence that these conditions have substantially diminished his ability to provide self-care while in prison or that these conditions require long-term or specialized medical care that is not being provided. *See United States v. Pribyl*, No. 20-11848, 2022 WL 424874, at *3 (11th Cir. Feb. 11, 2022) ("[T]he fact that a prisoner has a common ailment is not an 'extraordinary and compelling reason' for early release from prison" and "a district court does not err in finding a defendant ineligible for compassionate release where certain health conditions are manageable in prison.")

Holder states that he has also experienced severe and unexplained weight loss and has "some form of spinal nerve damage of the spinal cord at C6 and C8," which he says causes severe pain and limited use of the right side of his upper body. Again, however, Holder points to no evidence that these conditions have substantially diminished his ability to provide self-care while in prison or that these conditions require long-term or specialized medical care that is not being provided in prison. His medical records indicate that a neurosurgery consultation for the spinal condition was pending as of January 30, 2025. (R. 84-1 Records 12.) In his motion, Holder states he is currently scheduled for surgery to correct the spinal condition. (R. 81 Motion 3.) As to his weight loss, the medical records indicate that he lost 19 pounds in 2022. (R. 84-1 Records 39.) He is being treated, however, for that condition. He states in his motion that he is being treated with nutritional

supplement drinks and dietary snack bags three times a day. The medical records confirm that and also indicate he has been given double portions of meals. This treatment appears to have been effective. On January 6, 2025, Holder weighed 105 pounds. (R. 84-1 Records 18.) By January 30, 2025, he weighed 113 pounds. (R. 84-1 Records 12.) Holder points to no evidence that he has not been effectively treated for his weight loss.

Holder also asserts that he is eligible for early release because of a change in law after he was sentenced. He asserts that, due to this change, he would be sentenced to a much shorter prison term if he were sentenced today. A provision of the policy statement provides that, in certain circumstances, an "unusually long sentence" can constitute extraordinary and compelling circumstances warranting a sentence reduction. For this provision to apply, however, there must have been a nonretroactive change in the law that "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed . . . ." U.S.S.G. 1B1.13(b)(6). This is to prevent a situation where "old inmates are serving prison sentences that are much longer than the sentences of new inmates who committed the exact same crimes" because of revisions to federal sentencing law that are not retroactive as to the older inmates. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025).

Prior to the Sentencing Commission's enactment of this provision of the policy statement, however, the Sixth Circuit held that a nonretroactive change in the law is not an "extraordinary and compelling reason" for a sentence reduction. *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc). Later, the Sixth Circuit determined that the Sentencing Commission had no power to alter that ruling by a policy statement. *United States v. Bricker*, 135 F.4th 427, 430 (6th Cir. 2025). Thus, the Sixth Circuit has found this provision of the policy statement unconstutitional and, therefore, invalid. *Id.*

4

Moreover, even if valid, this provision would offer Holder no relief. The change in law that Holder cites is the First Step Act's elimination of the "stacking" of simultaneous convictions under 18 U.S.C. § 924(c). The Seventh Circuit has described this change as follows:

> Regarding § 924(c)'s anti-stacking amendment, before the First Step Act, defendants convicted of multiple § 924(c) counts, even arising from a single prosecution, received consecutive 25 year mandatory minimum sentences for each conviction after the first. *United States v. Davis*, 588 U.S. 445, 450 n.1, 139 S.Ct. 2319, 204 L.Ed.2d 757 (2019). But the First Step Act restricted how § 924(c) sentences stack. Now, the 25 year mandatory minimum for a second or subsequent § 924(c) conviction applies only when that conviction occurs in a separate case and after the prior § 924(c) conviction has become final . . . Critically, though, Congress explicitly made § 924(c)'s anti-stacking amendment nonretroactive.

*United States v. Black*, 131 F.4th 542, 544 (7th Cir. 2025)

While Holder was convicted in this action of two § 924(c) violations, he did not receive the 25-year mandatory minimum for the second conviction. He received 60 months on one §924(c) conviction that runs concurrently with his 240-month sentence on his two robbery convictions. He received a 60-month sentence on the second § 924(c) conviction that runs consecutive to the 240-month sentence.

But even if the Court could make a finding that Holder has presented extraordinary and compelling circumstances, it must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones,* 980 F.3d 1098, 1108 (6th Cir. 2020). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--

5

>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors thoroughly and extensively at Holder's sentencing, reconsidered them for his first motion for compassionate release, and considers them again for this motion. Holder was convicted of committing robberies with firearms. These are serious and violent crimes. Holder compounded the seriousness of his convictions when he escaped from the Woodford County Detention Center after he was sentenced. The crimes for which he is currently incarcerated followed an extensive criminal history that included convictions for robbery, burglary, and another escape. Moreover, his recommended advisory guideline range on these convictions was 630 to 682 months. His 300-month sentence was a significant reduction. The Court commends Holder for his accomplishments while in prison. Considering all of the §3553(a) factors, however, the Court cannot find that Holder's immediate release is appropriate.

For all these reasons, the Court HEREBY ORDERS that Holder's motion for compassionate release (R. 81) is DENIED.

This 22nd day of October, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY